IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD S. LEPRE, JR.,** : | CIVIL ACTION NO. 1:07-CV-0609 |
| Petitioner : | (Judge Conner) |
| v. : | |
| **COMMONWEALTH OF PENNSYLVANIA and ATTORNEY GENERAL OF PENNSYLVANIA,** : | |
| Respondents : | |

**MEMORANDUM**

Petitioner Gerald S. Lepre, Jr. ("Lepre"), who is presently on parole from a state sentence, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Lepre contends that he received ineffective assistance of counsel during both his guilty plea and resentencing hearings. The court finds that Lepre's claims are without merit and will deny his petition.

**I.    Procedural History**

In June of 1997, Lepre was arrested and charged with robbing two gasoline stations in northeastern Pennsylvania. On March 2, 1998, Lepre pled guilty to two counts of robbery. (Doc. 1 at 29.) On May 1, 1998, Lepre was sentenced in the Lackawanna County Court of Common Pleas to a term of 60 to 120 months' imprisonment. Lepre appealed to the Superior Court of Pennsylvania which affirmed on June 22, 1999. (Id. at 30.)

On July 26, 1999, Lepre filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. ANN. §§ 9541-9546. (Doc. 1 at 30.) The PCRA

hearing was held on March 24, 2000, at which time Lepre was resentenced to a term of 57 to 120 months because of an incorrect prior record score. (Id. at 31-32.)

On June 5, 2000, Lepre again appealed to the Pennsylvania Superior Court, which dismissed for failure to file an appellate brief. On December 20, 2000, Lepre filed a second PCRA petition. (Doc. 1 at 32.) On June 25, 2003, Lepre's PCRA petition was granted, reinstating his direct appellate rights *nunc pro tunc*. On August 5, 2003, Lepre again appealed to the Pennsylvania Superior Court which affirmed. (Id. at 34.)

On August 4, 2004, Lepre filed a third PCRA petition, which was denied on June 20, 2006. (Doc. 1 at 34-35.) Lepre again appealed to the Pennsylvania Superior Court which affirmed on January 12, 2007. (Doc. 10-2 at 1.) The instant § 2254 petition (Doc. 1) was filed on March 30, 2007. The petition has been fully briefed and is ripe for disposition.

## II.  **Discussion**

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody[1] in violation of the

---

[1] The court notes that even though Lepre is currently on parole, "[a] state prisoner who has been placed on parole is 'in custody' . . . and a federal district court has jurisdiction to entertain his application for a writ of habeas corpus." Swanger v. Zimmerman, 750 F.2d 291, 293 n.1 (3d Cir. 1984) (citing Jones v. Cunningham, 371 U.S. 236, 240, 242 (1963)).

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

The Antiterrorism and Effective Death Penalty Act significantly revised the standard of review for habeas claims by state prisoners when a state court has previously considered and rejected those claims. See Dickerson v. Vaughn, 90 F.3d 87, 89 (3d Cir. 1996). Section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court judgment is "contrary to" federal law when it is "diametrically different, opposite in character or nature, or mutually opposed" to "clearly established" decisions of the United States Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000). This occurs when "the state court ignores or misapprehends clear precedent or it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Wilkerson v. Klein, 412 F.3d 449, 452 (3d Cir. 2005) (quoting Williams, 529 U.S. at 406). Additionally, an "unreasonable application" of federal law "occurs when a state court applies the correct rule to specific facts in an objectively unreasonable way," such as "unreasonably extend[ing]

3

an established rule to a new context where it should not apply or, in the alternative, unreasonably fail[ing] to extend such a rule to a new context where it should apply." Id. (citing Williams, 529 U.S. at 407, 409).

The Third Circuit has set forth a two-step process for reviewing § 2254 petitions. First, the court must "identify the applicable Supreme Court precedent and determine whether it resolves [petitioner's] claims." Outten v. Kearney, 464 F.3d 401, 413 (3d Cir. 2006) (citing Hackett v. Price, 381 F.3d 281, 287 (3d Cir. 2004)). "In performing this inquiry, it is not sufficient for [a petitioner] to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, [the petitioner] must demonstrate that Supreme Court precedent *requires* the contrary outcome." Id. (emphasis added). The reviewing court, upon a finding that "the state court decision is not 'contrary to' the applicable Supreme Court precedent," will "advance to the second step in the analysis" which determines if "the state court decision was based on an 'unreasonable application' of Supreme Court precedent." Id. at 413-14 (quoting Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000)). "[T]he state court's application of Supreme Court precedent must have been objectively unreasonable," that is, "[the reviewing court] should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id. at 414 (quoting Hackett, 381 F.3d at 287). Utilizing this two-step process, the court will evaluate the propriety of the Pennsylvania Superior Court's decisions in the instant case.

4

### A. Step One - Determining Whether the State Court's Decision is Contrary to Applicable Supreme Court Precedent

The applicable Supreme Court precedent for ineffective assistance claims is the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a petitioner must show that: (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient representation was prejudicial to the petitioner. Id. at 688. To satisfy the prejudice prong, a petitioner must show a reasonable probability that, but for the errors of his or her counsel, the outcome of the proceeding would have been different. Id. at 694.[2]

In the action *sub judice*, the Pennsylvania Superior Court reviewed Lepre's ineffective assistance of counsel claim under the following test:

> To prevail on an [ineffective assistance of counsel] claim, the appellant must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

---

[2] In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court applied the Strickland test for ineffective assistance claims in the context of guilty pleas. In evaluating the voluntariness of a guilty plea entered by a defendant represented by counsel, a court must consider whether counsel's advice fell within the range of competence required of an attorney in a criminal matter. Hill, 474 U.S. at 57-59. The prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Id. at 59. Prejudice requires a "reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. As Hill is equivalent to the Strickland test, but couched in language specific to guilty pleas, the court will simply refer to the Strickland test.

5

(Doc. 10-2 at 9 (quoting Commonwealth v. Manuel, 844 A.2d 1, 7 (Pa. Super. Ct. 2004))). Although the superior court did not cite Strickland, "[a] state court decision is not contrary to . . . clearly established Federal law simply because the [state] court did not cite [applicable Supreme Court precedent]." Mitchell v. Esparza, 540 U.S. 12, 16 (2003). Instead, the reviewing court must focus on whether the state court's reasoning or result contradicts applicable Supreme Court precedent. Id. The United States Court of Appeals for the Third Circuit has specifically held that Pennsylvania's ineffective assistance of counsel test is not contrary to Strickland. Jacobs v. Horn, 395 F.3d 92, 106 n.9 (3d Cir. 2005) (citing Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000)). Although Pennsylvania's test has three prongs instead of two, it is comparable. The first and second prongs of Pennsylvania's test correlate with the first prong of Strickland, while the third prong of Pennsylvania's test corresponds with the second prong of Strickland. Hence, the ineffective assistance of counsel test applied by the superior court is not contrary to clearly established Supreme Court precedent.

**B.  Step Two - Determining Whether the State Court's Decision is Based Upon an Unreasonable Determination of Facts in Light of the Evidence**

Turning to the second step of the analysis, an objective evaluation of the superior court's decision demonstrates that it was not an unreasonable determination of facts in light of the evidence. First, the superior court concluded that Lepre's "plea of guilty was knowing and voluntary." (Doc. 10-2 at 8.) Second, the superior court found that Lepre's allegations concerning resentencing were "entirely without merit." (Id. at 11.) The court will discuss the propriety of each of these conclusions *seriatim*.

### 1. **Lepre's Guilty Plea**

Lepre contends that all prior counsel rendered ineffective assistance by failing to preserve or pursue the issue of whether Lepre entered his guilty plea unknowingly, unintelligently, and involuntarily. (See Doc. 1 at 37.) Specifically, Lepre maintains that the oral plea colloquy conducted by the Lackawanna County Court of Common Pleas was invalid because it failed to conform with Pennsylvania Rule of Criminal Procedure 590. Lepre also alleges that he was uninformed of the elements of the offense and that there was no factual basis for the alleged crime. Furthermore, Lepre claims that he was induced to plead guilty because of an erroneous criminal history score. (Doc. 15 at 3, 8, 11.)

Lepre's contention that counsel provided ineffective assistance by failing to preserve and pursue whether Lepre's guilty plea conformed with Pennsylvania Rule of Criminal Procedure 590 is without merit. According to Rule 590, at a minimum, a court should elicit answers to these six relevant questions in order for a plea agreement to be valid:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere? (2) Is there a factual basis for the plea? (3) Does the defendant understand that he or she has the right to trial by jury? (4) Does the defendant understand that he or she is presumed innocent until found guilty? (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged? (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

PA. R. CRIM. P. 590, cmt. The examination of these six questions does not need to be solely oral. Commonwealth v. Moser, 921 A.2d 526, 529 (Pa. Super. Ct. 2007) (citing PA.

7

R. CRIM. P. 590). Nothing "precludes the use of a written colloquy that is read, completed, and signed by the defendant, made part of the record, and supplemented by some on-the-record oral examination." Id. Moreover, a deficient inquiry into these six areas does not justify a post-sentence withdrawal of a guilty plea because a court must look at the totality of the circumstances to determine whether a plea was entered voluntarily and knowingly. See Commonwealth v. Morrison, 878 A.2d 102, 108 (Pa. Super. Ct. 2005).

In the instant case, all six questions required by Rule 590 were addressed in the written plea colloquy and were answered by Lepre. (Doc. 16-2 at 2-5.) During the oral plea colloquy, the court asked Lepre if he "understood all of the questions that were asked" in the written plea colloquy and Lepre answered in the affirmative. Transcript of Guilty Plea Proceeding at 4, Commonwealth v. Lepre, Nos. 97-1187, 97-1300 (Pa. Ct. Com. Pl. Lackawanna Mar. 3, 1998). Lepre also assured the court that his attorney had carefully reviewed the written plea colloquy with him. (Id.) Juxtaposed, the written and oral plea colloquy satisfy the minimum standard set forth in Rule 590. In its appellate review of the issue, the state superior court observed that the oral plea colloquy was not in exact conformity with Rule 590. However, it found that "the trial court's on-the-record examination of [Lepre] indicated that [he] had sufficient presence of mind to plead guilty, that he understood the nature of the charges against him," and that the written plea colloquy properly addressed the six relevant areas needed for a valid plea agreement. (Doc. 10-2 at 8.) Based on the totality of the circumstances, the superior court appropriately concluded that Lepre's guilty plea

8

was entered knowingly and voluntarily and in accordance with Rule 590. Lepre has proffered no evidence to establish that the superior court unreasonably determined that the plea colloquy was properly conducted.

Lepre alleges that counsel provided ineffective assistance by failing to preserve and pursue the issue of whether the elements of robbery had been properly explained and whether the factual basis of the offense had been properly established. This claim is likewise without merit. The Pennsylvania Supreme Court has repeatedly stressed that "where the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea." Morrison, 878 A.2d at 107 (citing Commonwealth v. Schultz, 477 A.2d 1328 (1984); Commonwealth v. Martinez, 453 A.2d 940 (1982); Commonwealth v. Shaffer, 446 A.2d 591 (1982)). Lepre personally summarized both the elements of robbery and the factual basis for the plea in the written plea colloquy. (Doc. 16-2 at 4-5.) Paragraph 17 of the written plea colloquy required Lepre to summarize the facts of his crime as charged by the district attorney. Lepre responded that he "pointed a gun at the attendant . . . and demanded money and pointed a gun at the clerk [at another service station] . . . and demanded money."[3] (Doc. 16-2 at 5.) The superior court found that Lepre "admitted that he pointed a firearm at two service station clerks and demanded money from them . . . undoubtedly support[ing]

---

[3] In Paragraph 18, Lepre expressly admitted to the acts described in Paragraph 17. (Doc. 16-2 at 5.)

the conclusion that [Lepre] was guilty of robbery." (Doc. 10-2 at 11.) As noted, the record provides ample support for this determination.

Lepre's contention that counsel provided ineffective assistance by advising him to enter a guilty plea when his prior record score was miscalculated is also without merit. Although Lepre is correct in his assertion that his prior record score was miscalculated at "4" rather than "2", he suffered no harm as a result of this error. Lepre was originally sentenced to 60 to 120 months of incarceration with the incorrect prior record score. After the error was discovered, Lepre was resentenced to 57 to 120 months of incarceration. Lepre contends that, had he known his correct prior record score, he would have rejected the lenient plea agreement and would have proceeded to trial at the risk of a much harsher sentence. The superior court concluded that Lepre "suffered no prejudice as a result of" his miscalculated prior record score. (Doc. 10-2 at 10.) It reasoned that, as a result of the plea agreement, Lepre had several charges *nol prossed* and was sentenced to concurrent terms for the two counts of robbery. "[C]ounsel's error with regard to [Lepre's] prior record score does not undermine counsel's advice to [Lepre] to plead guilty, because [Lepre] received a very favorable standard range sentence as a result of that guilty plea." (Id. at 10-11.) Furthermore, "the PRCA court later amended [Lepre's] sentence to reflect [Lepre's] proper prior record score." (Id. at 10 n.1.) Given the logical reasons for Lepre's guilty plea, the strong case against him, and the lenient sentence he received, Lepre has failed to establish a reasonable probability that, had he known his correct prior record score, he would not have pled guilty.

In summary, the court finds that the state court correctly applied the standards established in Strickland and reasonably determined that Lepre's counsel were not ineffective in their representation of him. The court finds that Lepre has not demonstrated that the superior court's decisions resulted in an outcome that cannot be reasonably justified, that the law was applied unreasonably, or that the decision was based on an unreasonable application of the facts. Accordingly, habeas relief will be denied on this ground.

### 2. **Lepre's Resentencing:**

Lepre further alleges that prior counsel were ineffective by failing to preserve and pursue the issue of whether impermissible factors influenced the resentencing judge's determination of Lepre's sentence. Specifically, Lepre avers that the resentencing judge was prejudiced by virtue of a vulgar letter Lepre had written to his attorney and that the resentencing judge "double counted" the weapon Lepre used during the commission of the robberies. (Doc. 15 at 12.)

Lepre's contention that prior counsel rendered ineffective assistance by failing to preserve and pursue the allegation that the resentencing judge was prejudiced by virtue of a vulgar letter sent by Lepre to his attorney is without merit. The state court record is devoid of any evidence that the resentencing judge was unduly influenced by the vulgar letter. The resentencing judge merely reviewed the letter when Lepre's counsel cited to it as grounds for withdrawal from representation of Lepre and later admonished Lepre for sending it. Transcript of Resentencing Proceeding at 7, Lepre, Nos. 97-1187, 97-1300 (Pa. Ct. Com. Pl. Lackawanna Mar. 24, 2000). During the

resentencing portion of the hearing, the judge neither referenced the letter as a sentencing consideration nor referred to it in any manner. Id. at 12-22. In rejecting Lepre's assertion of error, the superior court reviewed the resentencing record and concluded that "[the resentencing judge] provided a detailed statement of the reasons for the sentence he imposed and . . . the [vulgar] letter [Lepre] sent to counsel was not one of those reasons." (Doc. 10-2 at 11.) Lepre fails to offer even a scintilla of evidence that the resentencing judge was unduly influenced by the letter.

Lepre's averment that prior counsel rendered ineffective assistance by failing to preserve and pursue the issue of whether the court impermissibly double-counted the weapon involved in both offenses when recalculating his sentence is also without merit. During the resentencing hearing, the judge only mentioned the weapon on one occasion. The judge stated that Lepre had engaged in two robberies and that his use of "a weapon in both [robberies] . . . was part of the basis for [the court's] minimum sentence of five years." Transcript of Resentencing Proceeding at 18, Lepre, Nos. 97-1187, 97-1300 (Pa. Ct. Com. Pl. Lackawanna Mar. 24, 2000). The superior court reasoned that "[the resentencing judge] merely applied the 'deadly weapon possessed' sentencing enhancement in conformity with the factual basis of the case and sentenced [Lepre] to 57-120 months of incarceration because of [the resentencing judge's] concern with [Lepre's] use of a weapon in two robberies" and did not "double count" the weapon. (Doc. 10-2 at 11-12.) The superior court concluded that "[i]t is clear that [the resentencing judge's] statements [about the weapon] were merely an on-the-record explanation why he resentenced [Lepre] at the higher end of the

standard range." (Doc. 10-2 at 12.) There is no indication that this conclusion was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Nor can the court conclude that this decision, when evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified. See Matteo v. Superintendent, 171 F.3d 877, 891 (3d Cir. 1999).

In summary, the court finds that the law relied upon by the state court in reaching its decisions were in accordance with Supreme Court precedent. Furthermore, the state court made reasonable determinations of facts in light of the evidence presented in state court proceedings. Accordingly, habeas relief on this ground will also be denied.

### III. Conclusion

Based on an independent review of the record, the court concludes that the Pennsylvania state court decisions were neither contrary to, nor objectively unreasonable applications of, United States Supreme Court precedent. Accordingly, the petition (Doc. 1) will be denied. An appropriate order will issue.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     June 24, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD S. LEPRE, JR.,** | : | **CIVIL ACTION NO. 1:07-CV-0609** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA and ATTORNEY GENERAL OF PENNSYLVANIA,** | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 24th day of June, 2008, upon consideration of the petition filed pursuant to 28 U.S.C. § 2254 (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to CLOSE this case.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge